JEFFREY PARKS, Plaintiff-Appellant, v. THE CITY OF EVANSTON *et al.*, Defendant-Appellees.

First District (3rd Division)   No. 84—2762

Opinion filed December 30, 1985.

650

Howard P. Kamin and Susan R. Gutterman, both of Lawrence, Kamin, Saunders & Uhlenhop, of Chicago, for appellant.

Jack M. Siegel, of Chicago, for appellee City of Evanston.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for other appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff Jeffrey Parks filed a complaint in five counts. In counts I through IV, he sued defendant city of Evanston (the city) for breach of contract, fraud, retaliatory discharge, and discharge in violation of civil service rules. In count V, plaintiff sued defendants Evanston City Employees Union, Local 1891, American Federation of State, County and Municipal Employees, AFL-CIO (Local 1891), and union officials Robert Covin and Robert Breving for failure to provide fair representation in grievance hearings. The trial court struck counts II, III and IV of the complaint, and dismissed count V of the complaint with prejudice with respect to Local 1891. Plaintiff amended his complaint, bringing substantially the same claims against the city, Covin and Breving, but bringing no claim against Local 1891. The trial court dismissed the amended complaint. Plaintiff appeals from the order dismissing the amended complaint, and from the order dismissing count

V of the original complaint with prejudice with respect to Local 1891.

Plaintiff alleges in his amended complaint that in January 1982 the city ran a newspaper ad seeking applicants for a position as water plant operator, which stated that the city would provide "full tuition reimbursement" for successful applicants. Plaintiff alleges that he responded to that ad, and that at his job interview, his interviewer, Paul Wagner, superintendent of the city's water department, told plaintiff that plaintiff would receive tuition reimbursement for courses taken towards a civil engineering degree if the courses were approved. Plaintiff began working for the city as a water plant operator on February 8, 1982.

Plaintiff applied for Northwestern University's civil engineering program in the fall of 1982. Plaintiff alleges in his amended complaint that Wagner agreed that the courses would improve plaintiff's skills for his position, and Wagner wrote a recommendation to Northwestern on plaintiff's behalf. After Northwestern accepted plaintiff, plaintiff asked the city to reimburse him for the tuition. Plaintiff alleges that Wagner did not approve the courses, and therefore plaintiff's request for tuition reimbursement was denied. Plaintiff subsequently discussed the matter with the city manager, but his request was again denied.

In December 1982, the city fired Randel Milan. Plaintiff alleges that he complained to Wagner that the firing was unfair. Plaintiff asked the union to intervene on Milan's behalf, and the union told plaintiff not to concern himself with the matter. Plaintiff alleges that he subsequently asked some of the city's aldermen and a minister to help Milan.

Plaintiff alleges that shortly after these incidents, plaintiff's supervisors began to harass him with written reprimands, and they threatened to discharge him. In April 1983, plaintiff requested vacation time so that he could attend his classes at Northwestern. The city denied his request although other city employees were allowed time off for educational purposes. Plaintiff sought to employ a maintenance mechanic to replace him during the hours he needed to be in class. The mechanic had previously replaced other operators without objection, but the city refused to allow him to replace plaintiff.

Plaintiff alleges that he asked Local 1891 to bring a grievance proceeding concerning plaintiff's right to attend classes. Local 1891 refused to file a grievance, and plaintiff alleges that this left him without remedy against the city.

On April 19, 1983, plaintiff advised his immediate supervisor that he had a class to attend at noon. Plaintiff alleges that the supervisor

refused to allow any personnel to fill in for plaintiff. Plaintiff left for class and returned at 1 p.m. Again on April 20, 1983, plaintiff attended class from noon to 1 p.m. When he returned, his supervisor instructed him to turn in his plant key.

Defendants Covin and Breving represented plaintiff on behalf of defendant Local 1891 in the subsequent grievance proceedings. However, plaintiff alleges that Covin and Breving failed to interview plaintiff or any of the witnesses he suggested, failed to examine pertinent records, and demanded that certain persons be excluded from the proceedings, although plaintiff requested their presence. Plaintiff further alleges that Covin and Breving failed to prepare for the hearings, failed to supply outside legal counsel, and failed to advise plaintiff of his rights. He alleges that Covin, Breving and Local 1891 only asked plaintiff to apologize to the city. On April 27, 1983, following the second grievance proceeding, the city discharged plaintiff.

Plaintiff alleges that he asked Local 1891 to submit the matter to arbitration, pursuant to the union's contract with the city, but it refused to pursue the matter any further. Plaintiff alleges that the city failed to file written charges with the civil service commission, it failed to give him notice in accord with the rules, and the hearing officer was not appointed properly. Plaintiff alleges that these procedures were required by the city's civil service ordinance.

Under Article VI of Local 1891's contract with the city:

> "Definition of Grievance. A grievance is a difference of opinion between an employee or the Union and the City with respect to the meaning or application of the express terms of this Agreement, or with respect to inequitable application of the Personnel Rules of the City or with respect to inequitable application of the Unified Work Rules."

Section 6.3 of the contract describes procedures for processing grievances.

Before plaintiff could bring his claims against the city in court, he was required to attempt to settle his grievances through the procedures delineated by the contract. (*Republic Steel Corp. v. Maddox* (1965), 379 U.S. 650, 652-53, 13 L. Ed. 2d 580, 583, 85 S. Ct. 614, 616.) Plaintiff is entitled to judicial review of the grievance procedures in this case only if he can show that Local 1891's conduct in processing the grievance was arbitrary, discriminatory, or in bad faith. (*Vaca v. Sipes* (1967), 386 U.S. 171, 185, 190, 17 L. Ed. 2d 842, 855, 857-58, 87 S. Ct. 903, 914, 916-17.) If plaintiff is able to show such misconduct, he may bring an action against the union as well as the employer. 386 U.S. 171, 187-88, 17 L. Ed. 2d 842, 856-57, 87 S. Ct.

903, 915-16.

■ Plaintiff charges the city with misconduct related to his discharge in counts I, III and IV of his complaint. He charges Local 1891 and its officers with misconduct during the grievance proceedings in count V. Plaintiff maintains that he has alleged facts from which a jury could conclude that Local 1891 represented him in bad faith, or in a discriminatory or arbitrary manner during the discharge proceedings.

The complaint shows on its face that plaintiff walked off the job, acting directly contrary to his supervisor's orders. Plaintiff alleges that Covin, Breving and Local 1891 failed to conduct any investigation of the discharge, and they failed to submit plaintiff's grievance to arbitration. As the Supreme Court stated in *Vaca*, "[T]he individual employee [does not have] an absolute right to have his grievance taken to arbitration \*\*\*." (*Vaca v. Sipes* (1967), 386 U.S. 171, 191, 17 L. Ed. 2d 842, 858, 87 S. Ct. 903, 917.) Neither does the union have a duty to investigate a claim once it has information on the basis of which it believes, in good faith, that the claim has no merit. (386 U.S. 171, 191-93, 17 L. Ed. 2d 842, 858-59, 87 S. Ct. 903, 917-18.) Section 7.1 of Local 1891's contract with the city provides that "the employees covered by this Agreement agree not to \*\*\* engage in or condone any strike, slowdown, concerted stoppage of work or any other intentional interruption of City operations. Any or all employees who violate \*\*\* this Article may be discharged \*\*\* by the City." Covin, Breving and Local 1891 were under no duty to investigate further or submit the grievance to arbitration when plaintiff's admissions established grounds for discharge. Covin, Breving and Local 1891 appropriately advised plaintiff to apologize to the city in order to get his job back. We find that, on the allegations of the complaint, no jury could reasonably find that Local 1891 acted arbitrarily, discriminatorily, or in bad faith in its conduct of plaintiff's discharge proceedings. Accordingly, counts I, III, IV and V of plaintiff's complaint were properly dismissed.

■ ■ In count II of the complaint, plaintiff alleges that the city fraudulently induced plaintiff to accept employment with the city by promising to reimburse him for his tuition for civil engineering courses. A promise of future action does not constitute a material misrepresentation that can support an allegation of fraud, unless the promise is made with no intention of performing the promised acts, and the promise is part of a pre-existing fraudulent scheme. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 332-34, 371 N.E.2d 634.) According to the complaint, the city informed plaintiff,

654

before he accepted employment, that it would reimburse him for his tuition only for approved courses, and the city never promised to approve the courses plaintiff took at Northwestern. When plaintiff requested reimbursement for those courses, the city told plaintiff he should consider taking courses at a State school. The complaint does not state facts from which the jury could reasonably conclude that at the time the promise was made, it was made with no intention of performing. Neither has plaintiff alleged facts which would support a finding that the promise was part of a fraudulent scheme to induce people to accept employment with the city. Therefore, count II of the amended complaint was properly dismissed. Accordingly, the judgment of the circuit court, dismissing all counts of the complaint, is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.