In the
United States Court of Appeals
For the Seventh Circuit

No. 98-1009

Kathy Carver and Fred H. Kientzle,

Plaintiffs-Appellants,

v.

Sheriff Robert Nall, et al.,

Defendants-Appellees.


Appeal from the United States District Court
for the Central District of Illinois, Springfield Division.
No. 96-C-3216--Richard Mills, Judge.


Argued October 30, 1998--Decided April 2, 1999


   Before Cummings, Kanne, and Diane P. Wood, Circuit
Judges.

   Diane P. Wood, Circuit Judge.  Plaintiffs Kathy
Carver and Fred Kientzle work as deputy sheriffs
for the Adams County, Illinois, Sheriff's
Department. Each of them was suspended without
pay for a brief period of time. Those suspensions
led their union to file a grievance on their
behalf before the Illinois State Labor Relations
Board ("ISLRB"), claiming that they had been
suspended in retaliation for their union
activities. That proceeding was ultimately
settled. Eight months before the settlement,
Carver and Kientzle filed the present suit under
42 U.S.C. sec. 1983, claiming that the way their
suspensions were handled violated their
constitutional rights to procedural due process.
The district court dismissed the case, believing
that the proceedings before the ISLRB were res
judicata for the sec. 1983 case. We disagree for
several reasons and remand the case for further
consideration.

   Sheriff Robert Nall and Chief Deputy Jon McCoy
suspended Carver for ten days without pay on May
6, 1996. They suspended Kientzle for three days
without pay at the same time. Neither plaintiff
received a pre-suspension hearing, nor was either
given an opportunity to respond to the
allegations made against him or her. In addition,
even though both Carver and Kientzle asked for a

post-suspension hearing before the Adams County Merit Commission, neither was granted one.

Their union, believing the suspensions were in retaliation for Carver's and Kientzle's union activities, filed the unfair labor practice charges against Sheriff Nall with the ISLRB. That led to a settlement on March 25, 1997. The settlement agreement provided that Carver's suspension would be reduced to three days and Kientzle's would be expunged, and each plaintiff would receive back pay for the entire duration of the original suspension. It also stated that the union would withdraw its charges against Sheriff Nall. Most importantly for present purposes, it finally stated that "Deputies Kientzle and Carver hereby expressly waive any and all other claims for said backpay arising from these disciplinary actions."

Some eight months before the settlement agreement was signed, on July 26, 1996, Carver and Kientzle had filed the present action alleging due process violations in their treatment. Their second amended complaint requested back pay and an injunction against the Sheriff's Department that would prohibit it from imposing suspensions without hearings. The suit named Sheriff Nall, Chief Deputy McCoy, and five members of the Adams County Merit Commission as defendants. After the March 25, 1997, settlement was signed, the defendants moved for judgment on the pleadings, arguing that the sec. 1983 action was now barred by res judicata. The district court agreed and dismissed the action.

The Supreme Court has held that the preclusive effect of a state court judgment in a later federal court action must be determined using the principles of the full faith and credit statute, 28 U.S.C. sec. 1738. See Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996); Marrese v. American Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Here, of course, we are met with the initial obstacle that there is neither a state court judgment nor even a state administrative agency's formal resolution of the matter, so there is no underlying state decision of any kind that might preclude the federal suit. Furthermore, to the extent that it is tangentially relevant, we note that our decision in Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307 (7th Cir. 1996), does not stand for the proposition that res judicata effects can spring from settlements. Majeske held only that the fact that a court judgment may have had its roots in a settlement (and thus be a consent decree), rather than in full-blown litigation, makes no difference for the application of sec. 1738. But the fundamental

point remains that res judicata cannot operate in the absence of a judgment. A settlement agreement that has not been integrated into a consent decree is not a judgment and cannot trigger res judicata.

Open and shut as this point is, for some reason it is not the ground that Carver and Kientzle argued in their opening brief on appeal. Ordinarily, this would mean that they have waived this ground for relief. In this case, however, the appellees specifically addressed the sec. 1738 point in their responsive brief. They have thus waived the chance to argue that Carver and Kientzle forfeited this argument, and we regard the point as fairly before us. The appellees suggest that even though the ISLRB decision is not entitled to full faith and credit, it still has preclusive effects under the federal common law of claim preclusion, citing University of Tennessee v. Elliott, 478 U.S. 788 (1986). But the Elliott Court did no more than recognize that traditional, federal common law principles of preclusion apply to state administrative actions in sec. 1983 cases. Id. at 797. It directed federal courts to give state administrative factfinding the same preclusive effect it would have in state courts. Id. at 799.

In our case, unlike in Elliott, the administrative case before the ISLRB was settled, the charges were withdrawn, and the ISLRB never took any action. No preclusion doctrines, statutory or common law, operate in the absence of an underlying judgment or administrative finding. Illinois, like every other jurisdiction of which we are aware, requires at a minimum an administrative determination before it will apply preclusion doctrines. E.g., Marco v. Doherty, 657 N.E.2d 1165, 1168 (Ill. App. 1995); Godare v. Sterling Steel Casing Co., 430 N.E.2d 620, 623 (Ill. App. 1981). The absence of any such determination here from the ISLRB means that there is no preclusion under Elliott either.

The general inapplicability of claim preclusion in the present situation makes it unnecessary for us to discuss in detail the other reasons for reversal Carver and Kientzle have presented on appeal. They have argued that preclusion should not apply because (1) the ISLRB lacked jurisdiction to adjudicate a due process violation, (2) the ISLRB could not award the full measure of relief they sought, and (3) there was no identity of causes of action between the labor violation before the ISLRB and the due process claim before the district court. The first of these is also sufficient reason to reverse the district court's judgment. This court has held that, where a plaintiff has a set of claims

arising from one series of events, and where she has an unconstrained choice to proceed in a forum with jurisdiction to hear all her claims or a forum with limited jurisdiction, if she chooses to proceed in the latter, the claims that fall outside its jurisdictional reach will be barred. Waid v. Merrill Area Pub. Sch., 91 F.3d 857, 864-65 (7th Cir. 1996). Here, however, Carver and Kientzle had no such unconstrained choice. On the one hand, the ISLRB has exclusive jurisdiction to hear unfair labor practice grievances of Illinois state employees. See Stahulak v. City of Chicago, 684 N.E.2d 907, 911 (Ill. App. 1997); Foley v. AFSCME Council 31, Local 2258, 556 N.E.2d 581, 583-84 (Ill. App. 1990). On the other hand, the ISLRB is not empowered to hear a civil rights claim. Thus, because the federal court could not hear the unfair labor practice grievance and the state tribunal could not hear the civil rights claim, Carver and Kientzle were forced to split their claims as they did. Claim preclusion does not operate so harshly as to bar whichever set of claims the chosen forum could not hear. Waid, 91 F.3d at 865, discussing Restatement (Second) of Judgments sec. 26 cmt. c.

Although we are reversing the district court's decision to dismiss the case on res judicata grounds, we wish to emphasize that this ruling does not mean that the settlement agreement was a nullity. On remand, it will be open to the parties to debate the effect of the contractual release contained in the agreement on Carver's and Kientzle's sec. 1983 suit. Because this has not been explored in the proper context, we offer no further opinion on it at this time.

The judgment of the district court is Reversed and the case is Remanded for further proceedings consistent with this opinion.