DAVID MALMBERG, Petitioner-Appellee, v. GARY SMITH, Administrative Manager, Department of Transportation, Respondent-Appellant.

Fifth District   No. 5—92—0428

Opinion filed February 10, 1993.

GOLDENHERSH, J., concurring in part and dissenting in part.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellant.

Harry J. Sterling, of Harry J. Sterling, P.C., of Fairview Heights, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Respondent Gary Smith, administrative manager of the Illinois Department of Transportation (DOT), appeals from a contempt citation and a $100 fine for failure to comply with the circuit court's order of May 20, 1992. The order required Smith to turn over records sought by Malmberg in a "Petition for Discovery Before Suit." We reverse and dismiss the petition.

On April 13, 1992, petitioner David Malmberg, an employee of the Illinois Department of Transportation, filed in St. Clair County a "Petition for Discovery Before Suit to Identify Responsible Persons and Entities" under Supreme Court Rule 224 (134 Ill. 2d R. 224). Malmberg alleged that a fellow employee made a false statement about him to their employer and that as a result Malmberg was suspended from work for 30 days. He filed the petition to determine the identity of the informant and the contents of the statement. Respondent Smith refused to disclose the information.

On May 20, 1992, the circuit court held that the information sought by Malmberg was within the scope of Rule 224. The circuit court's order required Smith to produce all Department of Transportation records relating to complaints made to the DOT concerning the alleged use by Malmberg of illegal substances. On June 1, 1992, Smith filed a motion to stay enforcement of the circuit court's order pending appeal. Malmberg answered with a petition for rule to show cause why Smith should not be held in contempt for failure to comply with the May 20, 1992, order. On July 6, 1992, the circuit court denied respondent's motion to stay and granted petitioner's rule to show cause.

On appeal, respondent argues that under the doctrine of sovereign immunity, the circuit court lacked subject matter jurisdiction to hear the petition. Alternatively, respondent argues that the circuit court erred in granting Malmberg's petition. The petitioner argues that respondent waived the issue of sovereign immunity because he did not raise it in the trial court and that the Rule 224 petition was properly granted.

● 1 Petitioner's argument that respondent has waived subject matter jurisdiction is without merit. Subject matter jurisdiction cannot be waived. Lack of subject matter jurisdiction can be raised at any time and in any court. (*Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 173, 425 N.E.2d 499, 501.)

Therefore, we will consider respondent's argument that this court lacks subject matter jurisdiction.

Respondent contends that, because sovereign immunity dictates that the State can be sued only in the Court of Claims, that court has exclusive jurisdiction over the matter and the circuit court was without subject matter jurisdiction to hear the case. (*People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977.) The DOT contends that sovereign immunity attaches because Malmberg's discovery petition is in reality a suit against the State and it seeks to control the actions of the State.

■ Whether an action is within the doctrine of sovereign immunity depends not on the named parties but on the particular issues and the relief sought. (*Hudgens v. Dean* (1979), 75 Ill. 2d 353, 355, 388 N.E.2d 1242, 1243.) The State is the real party in an action brought against an officer or agency if a judgment or decree for the plaintiff, although nominally against the officer or agency, could control the actions of the State or subject it to liability. (*Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32.) In addition, if the State will be directly or adversely affected by the judgment or decree, the State is the real party against whom relief is sought. *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863.

In this case, an order compelling respondent to release the identity of a person who may be responsible in damages does not directly or adversely affect the State nor does it seek to control the actions of the State. It will not require the State to redraft its policies and guidelines as was the case in *Kilcoyne v. Paelmo* (1990), 204 Ill. App. 3d 139, 562 N.E.2d 231 (judgment for the plaintiff could require the State to redraft its policies and guidelines on the release and incarceration of mental patients). Nor will it interfere with the State's business relations as was the case in *Foley v. American Federation of State, County, & Municipal Employees* (1990), 199 Ill. App. 3d 6, 556 N.E.2d 581 (judgment for the plaintiff would control the State's dealings with its unions and their members).

■ Instead, we believe that a Rule 224 discovery petition is very similar to an action pursuant to the Freedom of Information Act (Ill. Rev. Stat. 1991, ch. 116, par. 211(c)), which allows suit to be filed in circuit court to compel compliance with the Act. In each case, the State is required to reveal some information to the petitioner. At times the information sought in a Rule 224 discovery petition might also be available via a Freedom of Information Act re-

quest or suit. It is inconsistent to conclude that, although the same information is sought, sovereign immunity could eliminate jurisdiction depending solely upon which title is attached to the petition.

■ Additionally, if the DOT is allowed to assert sovereign immunity to withhold Rule 224 information from potential litigants, the public policy supporting Rule 224 is undermined. (*Shutes v. Fowler* (1991), 223 Ill. App. 3d 342, 584 N.E.2d 920 (Rule 224 is constitutional and the public policy of the State supports the rule's validity and its continued use).) The purpose of Rule 224 is to aid plaintiffs in the discovery of the identity of defendants. For example, the widow of an out-of-State driver, who was killed in a road construction area, could use Rule 224 as a proper tool to require the State to reveal the identity of the highway contractors who might be responsible for her husband's death.

This example illustrates the proper use of Rule 224, which is to ascertain the identity of potential defendants. Used as defined by *Roth v. St. Elizabeth's Hospital* (1993), 241 Ill. App. 3d 407, the discovery available pursuant to Rule 224 is limited to learning the identity of those who may be responsible. When used properly, sovereign immunity is not implicated by this rule. This court has subject matter jurisdiction to determine whether the circuit court erred in granting Malmberg's Rule 224 discovery petition.

Discovery under Rule 224 is limited to learning the identities of potential defendants. (*Roth v. St. Elizabeth's Hospital* (1993), 241 Ill. App. 3d at 413-14; *Shutes v. Fowler* (1991), 223 Ill. App. 3d 342, 584 N.E.2d 920.) Supreme Court Rule 224 is inapplicable when the identity of the defendant is already known. *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 561 N.E.2d 1339.

■ In the instant case, the identity of the potential defendant was known. From the record it is apparent that plaintiff knew the identity of the informant, and during oral argument before the trial court counsel admitted that he knew that the informant had accused his client of illegal drug use while on duty. Counsel needed no more to enable him to file a claim. Because the potential defendant's identity was known and because Rule 224 discovery is limited to the discovery of the identity of potential defendants, the circuit court erred when it granted Malmberg's Rule 224 petition.

In view of our reversal on other grounds, we need not consider the DOT's venue and confidentiality arguments. The judgment of the circuit court is reversed, and pursuant to our powers under Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), we dismiss the Rule 224 petition.

Reversed; petition dismissed.

LEWIS, J., concurs.

JUSTICE GOLDENHERSH, concurring in part and dissenting in part:

I concur with the majority's disposition of the issue of sovereign immunity. As to its disposition of this Rule 224 petition, however, I dissent.

I noted in my dissent in *Roth v. St. Elizabeth's Hospital* (1993), 241 Ill. App. 3d 407, that the majority has focused exclusively on "identity" unmodified by responsibility in damages as stated in Rule 224 (134 Ill. 2d R. 224); the command of the rule is to be read as a whole. In pertinent parts, it states:

"Rule 224. Discovery Before Suit *to Identify Responsible Persons and Entities*

(a) Procedure.

(1) *Petition.*

(i) A person or entity who wishes to engage in discovery for the *sole purpose of ascertaining the identity of one who may be responsible in damages* may file an independent action for such discovery.

(ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. The petition shall be brought in the name of the petitioner and shall name as respondents the persons or entities from whom discovery is sought and shall set forth: (A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought and shall ask for an order authorizing the petitioner to obtain such discovery. The order allowing the petition will limit discovery to the *identification of responsible persons and entities* and where a deposition is sought will specify the name and address of each person to be examined, if known, or, if unknown, information sufficient to identify each person and the time and place of the deposition." (Emphasis added.) 134 Ill. 2d R. 224.

The committee comments similarly indicate the intent that identity be modified and the phrase read as a whole:

"New Rule 224 was adopted effective August 1, 1989. This rule provides a tool by which a person or entity may, with leave of court, compel limited discovery before filing a lawsuit in an *effort to determine the identity of one who may be liable in damages.* The rule is not intended to modify in any way any other rights secured or responsibilities imposed by law. It provides a mechanism for plaintiffs to ascertain the *identity of potential defendants* in a variety of civil cases, including Structural Works Act, products liability, malpractice and negligence claims. The rule will be of particular benefit in industrial accident cases where the *parties responsible* may be known to the plaintiff's employer, which may immunize itself from suit. The rule facilitates the *identification of potential defendants* through discovery depositions or through any of the other discovery tools set forth in Rules 201 through 214. The order allowing the petition will limit discovery to the *identification of responsible persons and entities.* Therefore, Supreme Court Rule 215, dealing with mental and physical exams, and Supreme Court Rule 216, dealing with requests to admit, are not included as means of discovery under this rule." (Emphasis added.) Ill. Ann. Stat., ch. 110A, par. 224, Committee Comments, at 182 (Smith-Hurd Supp. 1992).

As I noted in detail in my dissent in *Roth v. St. Elizabeth's Hospital,* neither *Shutes v. Fowler* (1991), 223 Ill. App. 3d 342, 584 N.E.2d 920, nor *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 561 N.E.2d 1339, construes Rule 224 as limited to identity without considering whether the party identified may be responsible in damages and thus, appropriately, a defendant. *Shutes* considered Rule 224's validity, and in *Guertin* identity and the "grounding in fact" to make this person a defendant were already known.

As our supreme court noted in *De Luna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57, 588 N.E.2d 1139:

"The requirement imposed by section 2—622 in healing art malpractice cases serves the same end as that of other provisions that have as their purpose the elimination or curtailment of frivolous actions. In all cases there already exists a separate obligation that attorneys, and *pro se* litigants as well, ensure that 'every pleading, motion, and other paper' they sign is based on fact and made in good faith. (Ill. Rev.

Stat. 1987, ch. 110, pars. 2—611, 2—611.1; 134 Ill. 2d R. 137 (preempts section 2—611).) Patterned after section 2—611 of the Code of Civil Procedure, Supreme Court Rule 137 provides, in pertinent part:

'The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'

Under Rule 137, sanctions may be imposed for violations of its provisions.

While the consequences of noncompliance with Supreme Court Rule 137 and section 2—622 are different, the burdens imposed by the two provisions are similar. In fact, obtaining a health professional's review pursuant to section 2—622 would appear, in many cases, to be a necessary concomitant of fulfilling the separate obligation, imposed first by statute and now by rule, requiring that pleadings, motions, and other papers be based on fact and filed in good faith. It would be inconsistent to require parties in all instances to undertake reasonable investigation of the grounds for their actions, yet invalidate what would only be a reasonable step in that process in cases involving healing art malpractice." 147 Ill. 2d at 70-71, 588 N.E.2d at 1145.

I respectfully suggest it would similarly be inconsistent to require a party to undertake reasonable inquiry as to the facts underlying his potential libel action, yet so severely restrict the major tool for that investigation that the essential underlying fact, the alleged statement, is denied to him. Petitioner's counsel stated in oral argument that he needed the statement in order to determine under Rule 137 whether his client had a cause of action for libel and would advise him accordingly. By our ruling today, we have prevented a conscientious attorney from discharging his professional obligations pursuant to supreme court rule.