**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190239-U

Order filed March 3, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| MANUEL A. LLACA, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Rock Island County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0239 |
| | ) | Circuit No. 17-L-40 |
| EDWARD AVILA and AMALGAMATED | ) | |
| TRANSIT LOCAL UNION 313, | ) | The Honorable |
| | ) | Kathleen E. Mesich, |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court did not err when it dismissed the plaintiff's fraudulent misrepresentation claim for lack of subject matter jurisdiction.

¶ 2     The plaintiff, Manuel A. Llaca, filed a civil complaint against the defendants, Edward Avila and Amalgamated Transit Local Union 313, alleging that Avila fraudulently misrepresented certain facts to him regarding a potential disciplinary action that arose from

allegedly improper workplace conduct. The circuit court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, and Llaca appealed. On appeal, Llaca argues that the court's decision was erroneous, as his complaint contained a freestanding tort claim not subject to the exclusive jurisdiction of the Illinois Labor Relations Board (the Board). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Llaca had been working as a bus driver for MetroLINK in Moline since August 2000. On May 10, 2016, he and co-worker Kristy Delapo were issued written warnings for improper workplace conduct. The letter to Llaca also referenced a letter he had been issued in 2014 regarding improper workplace conduct toward Delapo. Llaca requested the union to file a grievance on his behalf because, pursuant to the collective bargaining agreement, the 2014 letter should have been removed from his employment record after one year without further disciplinary incidents.

¶ 5        Defendant Avila was the local union president. Llaca alleged that between May 20 and 24, 2016, Avila told him that if he did not resign, he would be fired and would lose half of his pension benefits. Based on this statement, Llaca retired on May 24, 2016.

¶ 6        In December 2016, Llaca spoke with MetroLINK's human resources director, who informed Llaca that there had been no intention to terminate him as of May 2016 and that even if he had been fired, his pension benefits could not have been affected.

¶ 7        On April 4, 2017, Llaca filed a civil complaint against the defendants, alleging fraudulent misrepresentation on the part of the defendant union via its agent, defendant Avila. Llaca claimed that "Avila's conduct was willful and malicious toward [Llaca] in that he knew that the representations he was making to [Llaca] were false and he made such false representations in

2

order to coerce [Llaca] to resign and retire, and were done to support the position of Kristy Delapo, to the detriment of [Llaca][.]"

¶ 8    The defendants filed a motion to dismiss the complaint on February 21, 2018, alleging, *inter alia*, that Llaca and Delapo were disciplined on May 10, 2016, for "racing their buses in an attempt to cut off each other's bus and for engaging in harassing behavior with each other." Avila met with MetroLINK on May 20, 2016, to discuss the incident, and MetroLINK told Avila that if Llaca did not retire, he would likely be terminated. Avila relayed that information to Llaca. The motion further stated that Avila negotiated a settlement with MetroLINK in which Llaca would retire and would be paid 123 hours of vacation pay and would be provided health and dental insurance until June 30, 2016. Llaca signed the settlement on May 24, 2016, and withdrew his grievance on June 3, 2016.

¶ 9    The defendants' motion argued that Llaca's claim was tantamount to a claim that the union breached its duty of fair representation. Accordingly, the motion alleged that the circuit court lacked subject matter jurisdiction because the Board had exclusive jurisdiction over fair representation claims.

¶ 10    On March 11, 2019, the circuit court heard arguments on the defendants' motion to dismiss. The court found the defendants' argument compelling and granted the motion to dismiss. Llaca appealed.

¶ 11                              II. ANALYSIS

¶ 12    Llaca's sole argument on appeal is that the circuit court erred when it granted the defendants' motion to dismiss. He argues that his fraudulent misrepresentation claim is a freestanding tort claim not subject to the Board's exclusive jurisdiction.

3

¶ 13       A motion to dismiss brought pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)) admits the complaint is legally sufficient but alleges that a defense exists to defeat the claim. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. One such defense is that the circuit court lacks subject matter jurisdiction. 735 ILCS 5/2-619(1) (West 2018). We review *de novo* a circuit court's decision on a section 2-619 motion to dismiss. *Patrick Engineering, Inc.*, 2012 IL 113148, ¶ 31.

¶ 14       The Illinois Public Labor Relations Act (the Act) (5 ILCS 315/1 *et seq.* (West 2018)) imposes on unions a duty of providing fair representation for its members. *Cessna v. City of Danville*, 296 Ill. App. 3d 156, 163 (1998). The Act "vests the Board with exclusive jurisdiction over claims that a union has violated its duty of fair representation." *Zander v. Carlson*, 2019 IL App (1st) 181868, ¶ 13. Alleging that a union has breached its duty of providing fair representation falls under the Act's definition of unfair labor practices. *Foley v. American Federation of State, County, and Municipal Employees, Council 31, Local No. 2258*, 199 Ill. App. 3d 6, 8-10 (1990). In relevant part, section 10(b)(1) of the Act provides:

> "(b) It shall be an unfair labor practice for a labor organization or its agents:
>
> > "(1) to restrain or coerce public employees in the exercise of the rights guaranteed in this Act, provided *** that a labor organization or its agents shall commit an unfair labor practice under this paragraph in duty of fair representation cases only by intentional misconduct in representing employees under this Act." 5 ILCS 315/10(b)(1) (West 2018).

4

The *Zander* court noted that "[t]his comprehensive scheme of remedies and administrative procedures (citation) would be undermined by a rule that allowed union members to circumvent the Board's exclusive jurisdiction and avoid the claims as negligence actions against a union's agents or officers." *Zander*, 2019 IL App (1st) 181868, ¶ 13.

¶ 15 In this case, Llaca claims that Avila intentionally and fraudulently misrepresented certain facts to him regarding a potential disciplinary action that arose from allegedly improper workplace conduct. In essence, Llaca is claiming that the union, through its agent, Avila, breached its duty of providing fair representation, for there is no other reason why Llaca's reliance upon Avila's statement would be justified (see, *e.g.*, *Soules v. General Motors Corp.*, 79 Ill. 2d 282, 286 (1980) (citing Restatement (Second) of Torts, § 537 (1977) for the proposition that fraudulent misrepresentation claims require a showing that the person justifiably relied on the allegedly false statement)).

¶ 16 It is clear why Llaca sought to bring this action as a tort claim rather than an unfair labor practice claim. Section 11(a) of the Act provides that an unfair labor practice claim is subject to a six-month statute of limitations (5 ILCS 315/11(a) (West 2018)), which would have barred Llaca's claim by the time he decided to take action. We decline to allow him to "avoid the [Act's] comprehensive statutory scheme through creative pleading." *Zander*, 2019 IL App (1st) 181868, ¶ 24. The Act creates and defines the union's duty of fair representation; accordingly, the Act is the basis for any potential remedy Llaca may have. *Id.* Because such claims are within the Board's exclusive jurisdiction, we hold that the circuit court did not err when it dismissed Llaca's complaint.

¶ 17                                                 III.  CONCLUSION

¶ 18 The judgment of the circuit court of Rock Island County is affirmed.

¶ 19        Affirmed.